UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE QUEZADA, on behalf of himself and all others similarly situated,

                Plaintiff,

    v.

KIDROBOT, LLC,

                Defendant.

**ORDER**

21 Civ. 2152 (ER)

---

RAMOS, D.J.

        On March 11, 2021, Jose Quezada brought this action against Kidrobot, LLC ("Kidrobot") for violation of the Americans with Disabilities Act and related claims.  Doc. 1.  On March 18, 2021, Quezada filed his First Amended Complaint ("FAC").  Doc. 5.  Kidrobot was served with the FAC on May 12, 2021, but has neither appeared or responded to the complaint.  Doc. 8.  On July 14, 2021, Quezada requested a Clerk's certificate of default, but the request was bounced due to a filing error.  Docs. 9, 10.  On August 16, 2021, noting that Quezada had not corrected the filing error, the Court ordered him to submit a status report by August 23, 2021.  Doc. 11.  Rather than submit the status report by the Court's deadline, on August 24, 2021, Quezada again filed for, and the Clerk of Court issued, a certificate of default.  Docs. 12–14.  Quezada did not move for default in accordance with Fed. R. Civ. P. 55(b)(2).

        On December 10, 2021, the Court ordered Quezada to move for default in accordance with the Court's individual rules or submit a status report by December 23, 2021.  Doc. 16.  The Court specifically warned that failure to do so might result in dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Quezada has neither moved for default nor submitted a status report as ordered by the Court.

        For the reasons set forth below, the Court now dismisses Quezada's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

### I. Standard

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,

(2) whether plaintiff had received notice that further delays would result in dismissal,

(3) whether the defendant is likely to be prejudiced by further delay,

(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and

(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

### II. Discussion

In the instant case, all of the *LeSane* factors weigh in favor of dismissal. *First*, Quezada has not moved for default or submitted a status report as ordered by the Court on December 10, 2021. Doc. 16. Furthermore, the Court previously had to prod Quezada to proceed with his case after his request for a certificate of default was rejected as improperly filed. Doc. 11. Quezada has taken no action to prosecute this case since August 2021, approximately eight months ago. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Quezada was given clear notice that failure to respond to Court orders could result in dismissal. On December 10, 2021, the Court gave Quezada a deadline of December 23,

2021, to move for default or submit a status report and specifically warned that "[f]ailure to do so may result in dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." Doc. 16.

*Third*, while there is no specific indication in the record that defendants have been prejudiced by the delay, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210. Because Quezada has done nothing to advance his case over the past eight months, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Quezada has not taken advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Quezada has ignored Court orders and delayed this case for several months, there are no weaker sanctions that could remedy his failure to prosecute this case. Dismissal is appropriate where, as here, Quezada "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Quezada's case with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: March 31, 2022
      New York, New York

                                                                           Edgardo Ramos, U.S.D.J.